UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

SHANNON JAMALL GADSON,
　　　　　*Defendant-Appellant.*

No. 01-4600

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Solomon Blatt, Jr., Senior District Judge.
(CR-99-687)

Submitted: March 21, 2002

Decided: March 29, 2002

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Kerry W. Koon, Charleston, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Robert H. Bickerton, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Shannon Jamall Gadson was convicted by a jury of conspiracy to possess with intent to distribute and to distribute between five and fifty grams of crack cocaine, 21 U.S.C. § 846 (1994), which exposed him to a statutory sentencing range of five to forty years imprisonment under 21 U.S.C.A. § 841(b)(1)(B) (West 1999 & Supp. 2001).[1] The district court imposed a sentence of 121 months imprisonment. Gadson's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), contesting the district court's factual finding that Gadson was not a minor participant in the offense,[2] *U.S. Sentencing Guidelines Manual* § 3B1.2 (2000), and raising as a potentially meritorious issue the district court's determination that Gadson did not qualify for a reduction under the safety valve provision. USSG §§ 2D1.1(b)(6), 5C1.2. Gadson has been notified of his right to file a pro se supplemental brief, but has not filed a brief. We affirm.

Gadson contends that he should have received a minor role adjustment because he was less involved in the conspiracy than other conspirators and sold crack only sporadically. We have held, however, that a drug seller does not occupy a minor position in a drug conspiracy. *United States v. Brooks*, 957 F.2d 1138, 1149 (4th Cir. 1992). Therefore, the district court did not clearly err in refusing Gadson the adjustment. *Id.* (stating standard).

Pursuant to *Anders*, Gadson's attorney suggests that the district court erred in finding that Gadson did not satisfy the fifth criteria for a two-level reduction under § 2D1.1(b)(6), *i.e.*, that Gadson had not, by the time of sentencing, "truthfully provided to the government all information and evidence [he had] concerning the offense or offenses

---

[1]Gadson and four co-defendants were charged with conspiring to possess with intent to distribute and distribute 50 grams or more of crack cocaine. In a special verdict, the jury convicted Gadson of the lesser included offense. Gadson was acquitted on Count Four, which charged that he possessed less than 5 grams of crack with intent to distribute on April 20, 1997.

[2]This issue is not raised pursuant to *Anders*.

that were part of the same course of conduct or common scheme or plan . . . ." USSG § 5C1.2(5). Gadson testified at trial that he was not involved in the cocaine conspiracy although he knew many of the dealers and much of the cocaine trafficking took place in his neighborhood and, often, next door to his house. Numerous witnesses contradicted his account, but Gadson maintained his innocence through sentencing. However, in an effort to qualify for the safety valve reduction, he submitted a statement in which he admitted selling marijuana at times. The district court held that Gadson had failed to disclose his own activity in the conspiracy. We cannot say that the district court clearly erred in so holding. *United States v. Wilson*, 114 F.3d 429, 432 (4th Cir. 1997) (stating standard).

In accordance with the requirements of *Anders*, we have examined the entire record and find no meritorious issues for appeal. We therefore affirm the conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*